UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

DIANA DOIRON, INDIVIDUALLY
AND ON BEHALF OF ALL OTHERS
SIMILARLY SITUATED

CIVIL ACTION

VERSUS

NO. O4-784-JJB

CONSECO HEALTH INSURANCE
COMPANY

## Ruling on Motion for Class Recertification

Plaintiff, Diana Doiron ("Doiron"), brings a motion for recertification of class pursuant to the United States Fifth Circuit Court of Appeals Mandate.[1] The defendant, Conseco Health Insurance Company ("Conseco"), has filed a Memorandum in Opposition.[2] The parties have filed supplemental memoranda in support of their respective positions.[3] Oral argument was held on March 18, 2009. At the oral argument, defendant submitted various case synopses to this Court and later submitted a supplemental brief.[4] Plaintiff has filed a response.[5]

## Background

On February 15, 2007, this Court certified two subclasses pursuant to Rule 23(b)(3).[6] Thereafter, the Fifth Circuit vacated and remanded, concluding that "the sub-

---

[1] Motion for Re-certification, doc. 151.
[2] Memorandum in Opposition ("opposition"), doc. 167.
[3] Plaintiff's reply (doc. 170), defendant's surreply (doc. 176), plaintiff's surreply (doc. 180).
[4] Defendant's Supplemental Brief Responding to Plaintiff's Offer to Certify Radiation-Only Class, doc. 186.
[5] Plaintiff's Reply to Conseco's Supplemental Brief, doc. 187.
[6] Ruling, Doc. 105. The class definitions we originally certified were as follows:

> Radiation Treatment Sub-Class: All persons, since June 15, 2001, who are/were insured by a "ZH" supplemental cancer insurance policy form purchased in Louisiana from Capitol American Life Insurance Company or Conseco Health Insurance Company, and who, while a resident of Louisiana, submitted a claim for the payment of benefits under the Radiation/Chemotherapy Benefit provision of the "ZH" policy for one or more of the

classes should be narrowed such that they include only policyholders whose claims were denied for the sole reason that they are 'not covered' under the Radiation/Chemotherapy provision."[7] The Fifth Circuit noted that both parties stipulated after analysis of a random sampling of class members that for each proposed member in the sample, Conseco denied at least one claim for the sole reason that it was not covered under the policy provision and that Conseco denied some claims in the sample group for eligibility or timeliness reasons.[8] The Fifth Circuit explained:

> Although every member of the sample group had at least one claim that Conseco denied for the sole reason that it was "not covered" under the Radiation/Chemotherapy Benefit program, it is impossible to know whether this commonality extends to every member of the class. Thus, the district court erred in approving the sub-classes, as defined, because they may sweep into the sub-classes policyholders who had claims denied for reasons other than that the claims were "not covered" under the Radiation/Chemotherapy Benefit provision. Although all other requirements of Rule 23(a) are satisfied by these sub-class definitions, on remand the district court should revisit the sub-class definitions to narrow the sub-classes such that they include only policyholders who had claims denied only because they are "not covered" under the Radiation/Chemotherapy Benefit

---

following charges: office visit/consultation charges; treatment planning charges; treatment management charges; simulation charges; dosimetry charges; treatment device charges; medical radiation physics charges; isodose plan charges; radiation special services charges; and/or supportive and protective drug charges, incurred as part of the policyholder's radiation treatment, and which claims were or will be denied by Conseco through the date of final judgment in this case.

<u>Chemotherapy Treatment Sub-Class</u>: All persons who, since June 15, 2001, are/were insured by a "ZH" supplemental cancer insurance policy form purchased in Louisiana from Capitol American Life Insurance Company or Conseco Health Insurance Company, and who, while a resident of Louisiana, submitted a claim for the payment of benefits under the Radiation/Chemotherapy Benefit provision of the "ZH" policy for one or more of the following charges: office visit/consultation charges; medical supply charges; solution charges; procedure charges; and/or supportive and protective drug charges, incurred as part of a policyholder's chemotherapy treatment, and which claims were or will be denied by Conseco through the date of a final judgment in this case.

[7] Mandate of the United States Court of Appeals, Doc. 139, page 9.
[8] *See* stipulation, Doc. 93; Mandate, doc. 139, page 3.

provision. Once the sub-classes are so defined, the sub-classes will satisfy every element of Rule 23(a).[9]

The Fifth Circuit also stated that once the sub-classes were narrowed as described above, they "would satisfy all the requirements of Rule 23(b)(3), including both predominance and superiority."[10] Further, the Fifth Circuit noted that if the sub-classes were narrowed as discussed, "the question of bad faith claims [would] not create an obstacle to class certification."[11] The Fifth Circuit concluded that the "sub-classes should be narrowed such that they include only policyholders whose claims were denied for the sole reason that they are 'not covered' under the Radiation/Chemotherapy Benefit provision."[12]

## Analysis

Plaintiff submits the following class definitions for recertification: [13]

> **Radiation Treatment Class**: All persons, since June 15, 2001, who are/were insured by a "ZH" supplemental cancer insurance policy form purchased in Louisiana from Capitol American Life Insurance Company or Conseco Health Insurance Company, and who, while a resident of Louisiana, underwent radiation treatment and were paid benefits for radiation treatment delivery charges under the

---

[9] Mandate of the United States Court of Appeals, Doc. 139, pages 6-7.

[10] Mandate of the United States Court of Appeals, Doc. 139, page 8. As the Fifth Circuit explained:
> We are satisfied, however, that the sub-class definition set forth above including only policyholders whose claims were denied for the sole reason that they are "not covered" under the Radiation/Chemotherapy Benefit provision, would satisfy this concern. As redefined the sub-classes would not include policyholders against whom Conseco has the aforementioned alternative defenses [such as timeliness, duplicate claims, insufficient proof of loss] and would thus satisfy the predominance requirement of Rule 23(b)(3).

[11] Mandate of the United States Court of Appeals, Doc. 139, page 9.

[12] Mandate of the United States Court of Appeals, Doc. 139, page 9.

[13] Reply, doc. 170, page 2. This Court has already ordered that plaintiff's proposed definitions be clarified to indicate that the sub-classes include policyholders who were or will be denied benefits between the date this suit was filed and the date of judgment in this matter. Doc. 47, page 13. Thus, the proposed definitions above should include such language. In the definitions this Court originally certified, that last two clauses read "incurred as part of the policyholder's radiation/chemotherapy treatment, and which claims were or will be denied by Conseco through the date of final judgment in this case." We now add this language back to plaintiff's proposed class definitions.

> Radiation/Chemotherapy Benefit provision and were also denied a claim for the payment of benefits for one or more of the following charges as being not covered under the Radiation/Chemotherapy Benefit provision: treatment planning charges; treatment management charges; simulation charges; dosimetry charges; treatment device charges; medical radiation physics charges; isodose plan charges; and radiation special services charges.
>
> **Chemotherapy Treatment Class**: All persons, since June 15, 2001, who are/were insured by a "ZH" supplemental cancer insurance policy form purchased in Louisiana from Capitol American Life Insurance Company or Conseco Health Insurance Company, and who, while a resident of Louisiana, submitted a claim and were paid benefits for a cancericidal drug charge under the Radiation/Chemotherapy Benefit provision, and who were also denied benefits as being not covered under the Radiation/Chemotherapy Benefit provision for <u>one or more</u> of the following charges that were incurred on the same date and charged by the same provider as the cancericidal drug: office visit/consultation charges; medical supply charges; solution charges; and supportive and protective drug charges.

Conseco opposes these definitions, asserting that they still do not include only policyholders whose claims were denied for the sole reason they were "not covered".[14] Conseco asserts that a claim could potentially be denied for a number of reasons, and that claim adjusters may enter only one reason for denying a claim even though multiple reasons for denial exist. Thus, it argues that claims denied as "not covered" could also potentially have been denied as untimely, duplicative, supported by insufficient documentation, or other various eligibility reasons.[15] Merely because the claim was denied as "not covered," Conseco asserts, does not mean that was the only reason it

---

[14] Opposition, doc. 167.

[15] Opposition, doc. 167, page 4. In addition to timeliness, duplication, and documentation, defendant states that other potential reasons for denying a claim could include: the claim was presented under a lapsed policy; the treatment was for a side effect of cancer or another disease; the treatment was for a pre-existing cancer; the treatment was not approved by the FDA or was investigational for the type of cancer being treated; the claim was for a non-covered person. *Id*.

*could* have denied coverage on the claim.[16] According to Leslie Banks, a claims auditor at Conseco, claim adjusters "often select only one of the various reasons for denial…even when there may be multiple reasons for denying that charge."[17] Conseco argues that these other possible, yet unstated, reasons for denial will act as defenses individual to each claim such that "mini trials" will be necessary.[18]

In reply, plaintiff argues that Conseco's own documents establish defendant's policy of determining eligibility issues *prior* to determining coverage.[19] As plaintiff reads Conseco's cancer claims manual, "Conseco's claims examiners are instructed and trained to deny the claim if eligibility is not established—*before even getting to a determination of coverage*."[20] In support of this assertion, plaintiff submits an "eligibility"

---

[16] As Conseco states, "even when there are multiple reasons for denying a charge, adjusters often select only one reason when preparing a denial letter." Doc. 167, page 8. Thus, Conseco argues that its claims adjusters consider all possible bases for denial simultaneously rather than in a particular order.

[17] Affidavit of Leslie Banks, Doc. 167-4, page 3. Ms. Banks asserts that in some cases, an adjuster may deny a claim for eligibility reasons before reaching the issue of coverage while in other situations a claims adjuster may deny a claim as not covered without analysis of eligibility issues. She states that an adjuster's method of processing a claim

> depends on a number of individual circumstances, including but not limited to the following: the experience, training, and workload of the individual adjuster, the nature of the charge (including the nature of the other charges submitted on the same claim as the charge at issue), the type of diagnosis involved, the prior claims history of the claimant, and the type and nature of the information submitted.

*Id*. at 3-4.

[18] Although the parties stipulated that Conseco denied each person in the sample group at least one claim for benefits for one or more of the charges in dispute solely for the reason that the claim was "not covered" under the radiation/chemotherapy provision of the policy, Conseco now asserts that it "did not stipulate to the fact that such claims could not potentially be subject to any other possible defenses." Doc. 167, page 15. As Conseco explains:

> Indeed, for 21 of the 28 sample claimants, there were claims that were denied as "not covered," but where Conseco could have denied the claims based on an alternative ground. Specifically, there were at least 96 total claims that could have been denied because they involve a "non-cancer diagnosis," meaning a claim is excluded as another disease, sickness or incapacity, or for any illness related to or caused by cancer treatment. One additional claim could have been denied as a duplicative claim. From the sample, the specific charges for which Conseco would have an alternative defense include office visit/consultation charges, medical supply charges, solution charges, and administration charges.

Doc. 167, page 15-16.

[19] Reply, doc. 170, page 4.

[20] Reply, doc. 170, page 4.

checklist included in Conseco's Cancer Claims manual and the deposition testimony of Leslie Banks in which Ms. Banks states that the Claims manual could be referred to as a training manual. Plaintiff asserts that the training manual "provides a progression of steps for Conseco claims examiners to address eligibility prerequisites *before* a coverage determination is made."[21] This Court finds that the one-page checklist submitted by plaintiff does not prove plaintiff's assertion that Conseco analyzes claims in a particular order. Further, Conseco's evidence (in the form of Ms. Banks' affidavit) directly contradicts plaintiff's assertion that claims examiners use a specific order when analyzing claims. We find that plaintiff has set forth insufficient evidence that Conseco analyzes claims in a particular order. Instead, we find Conseco has submitted good evidence that claims examiners all possible reasons for denial simultaneously.[22] Thus, this Court will analyze plaintiff's proposed class definitions as if defendant's claims examiners consider all reasons for denial of a claim simultaneously.

This Court considers the question of whether Conseco breached its contract with class members by deeming particular drugs and procedures "not covered" to be a common question.[23] Indeed, for each drug or treatment included in plaintiff's class definition, this Court will have to decide whether that drug or treatment should have been deemed covered as part of chemotherapy or radiation treatment.[24] Answering this

---

[21] Doc. 170, page 4.

[22] If Conseco's practice was to determine eligibility and possible exclusions *before* considering whether a particular treatment or procedure was part of radiation or chemotherapy treatment, then it seems a class of individuals denied claims as "not covered" would include only eligible individuals to whom an exclusion did not apply.

[23] In addition to the common questions of law discussed above, the proposed class has many issues of fact common to it. All putative class members were insured under the same policy, all policies were issued to policyholders in Louisiana who submitted claims under the same policy provision and were denied coverage for the same reason.

[24] However, it appears that under plaintiff's proposed class definition, a class member could have been denied benefits for only one of the charges in dispute. Thus, while this Court deems the questions of whether each specific charge should have been covered under the radiation or chemotherapy provision of the ZH policy common, we do

common question would, in turn, affect the common theories of liability asserted by the putative class; that is, whether defendant's denial was a breach of the insurance contract and whether defendant's policy of denial of certain charges under the radiation and/or chemotherapy provision was arbitrary or capricious. However, the individual question of whether Conseco could have denied a claim for some other reason will be important to a determination of whether an individual class member's damages were caused by this particular breach of the insurance contract.[25] Additionally, the calculation of each putative class member's damages will be individualized.

Some courts have certified classes despite the need for individual damage determinations. In those cases, damages were suitable to calculation by "mathematical or formulaic calculation."[26] Plaintiffs have not proposed any formula by which individual damages in this case could be determined. However, in *Bertulli v. Independent Association of Continental Pilots* the Fifth Circuit affirmed the district court's class

---

so with some reservation. Hypothetically, it is possible that one putative class member could have been denied a claim for benefits under the Radiation provision for only one of the particular charges in dispute while another putative class member was denied a claim for benefits under the Radiation provision for a different charge. Thus, the question of whether either charge should have been covered under the Radiation provision would not be common to the two class members.

[25] In oral argument, counsel for Conseco used the example of anzamet, a drug which apparently can be prescribed for chemotherapy treatment or for a side effect of that treatment—nausea. Hypothetically, if this Court determined that supportive or protective drugs (included in plaintiff's class definition) should have been covered as part of radiation treatment, then the secondary individual question of why anzamet was prescribed to a class member would have to be answered. If prescribed as a supportive or protective drug then Conseco would owe payment for the drug; but if instead prescribed to treat the side effect of nausea, Conseco would arguably not owe payment for the drug because the policy excludes treatment for side effects of cancer treatment. Therefore, despite answering the common question of whether the denial of "supportive or protective drugs" was a breach of the insurance policy, the court would still have to determine whether that breach caused a particular class member damage. Doc. 184, pages 13-14.

[26] *See e.g.* Bell Atlantic Corp. v. AT&T Corp., 339 F.3d 294, 306 (5th Cir. 2003) ("courts, therefore, have certified classes even in light of the need for individualized calculations of damages. Class treatment, however, may not be suitable where the calculation of damages is not susceptible to a mathematical or formulaic calculation, or where the formula by which the parties propose to calculate individual damages is clearly inadequate."); Steering Committee v. Exxon Mobil Corp., 461 F.3d 598, 601 (5th Cir. 2006) ("where individual damages cannot be determined by reference to a mathematical or formulaic calculation, the damages issue may predominate over any common issues shared by the class.").

certification and noted that while "calculating damages will require some individualized determinations, it appears that virtually every issue prior to damages is a common issue."[27] Here, unlike *Bertulli*, individualized issues will arise prior to damages. Although the court believes that, if not certified, determination of whether each particular charge should have been included in radiation or chemotherapy coverage would take up a "significant part of the individual cases"[28] we are not convinced that, "[t]he common issues in this case…are not only significant but also pivotal."[29] As discussed above, even if this Court determines that Conseco breached the insurance contract by denying benefits for the charges in dispute as "not covered," the individual issue of whether an alternative reason for denying a class member's claim would arise. Further, even if no alternative reason for denying a class member's claim existed, the court would have to make a determination of damages individual to each class member.

Because we find that common questions of law or fact do not predominate over individual questions, the court denies plaintiff's motion for recertification at this time. However, plaintiff may re-urge certification after additional discovery. It would seem to this Court that Conseco could provide to the plaintiff the reason that each claim was denied and/or not covered. The Court urges Conseco to provide the documents to the plaintiff which state why Conseco took action. If those records do not exist, then the court will presume that the claim was denied for the sole reason it was "not covered."

---

[27] 242 F.3d 290, 298 (5th Cir. 2001). In *Bertulli*, defendant pilot association allegedly restored seniority to eleven strike participants, resulting in a loss of seniority for class members. The court noted plaintiffs' suit stemmed from this single act and that "not all the relief requires individualized determination. Injunctive relief undoing the restoration of the eleven pilots' seniority levels requires no individualized determinations, except for the recalculation of seniority rankings by the defendants." *Id*.
[28] Jenkins v. Raymark Industries, Inc., 728 F.2d 468, 472 (5th Cir. 1986).
[29] Mullen v. Treasure Chest Casino, LLC, 186 F.3d 620, 626 (5th Cir. 1999).

**<u>Conclusion</u>**

For the reasons stated above, this Court DENIES plaintiff's motion for re-certification (doc. 151). Plaintiff may however re-urge the motion for re-certification at a later date after further discovery

Signed in Baton Rouge, Louisiana, on April 7, 2009.

**JUDGE JAMES J. BRADY
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**