UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| DIANA DOIRON, individually and on behalf of all others similarly situated, ) ) | Civil Action No. 040784-D-M2 |
| Plaintiffs, ) ) | |
| v. ) ) | Judge: Brady |
| CONSECO HEALTH INSURANCE COMPANY, ) ) | Magistrate: Noland |
| Defendant. ) | |

**FINAL JUDGMENT AND ORDER
GRANTING PLAINTIFF'S MOTION FOR
<u>FINAL APPROVAL OF CLASS ACTION SETTLEMENT</u>**

The motion of Plaintiff Diana Doiron for final approval of her class action settlement with Defendant Conseco Health Insurance Company ("Defendant" or "Conseco"), came on for hearing on November 9, 2010.

On July 20, 2010, this Court entered an order granting preliminary approval (the "Preliminary Approval Order") of the settlement reached among Plaintiff, on her own behalf and on behalf of the Settlement Class (as defined below), counsel for Plaintiff and the Defendant, as memorialized in the Settlement Agreement.

On November 9, 2010, the Court held a fairness hearing (the "Fairness Hearing"), for which members of the Settlement Class had been given appropriate notice. An opportunity to be heard was given to all persons requesting to be heard in accordance with the Preliminary Approval Order.

Having considered the Plaintiffs' moving papers, the signed Settlement Agreement and Release attached as Exhibit 1 to Plaintiff's Memorandum in Support of Motion for Preliminary

1

Approval of Class Action Settlement (the "Settlement Agreement"), and all other documentary and oral evidence submitted concerning Plaintiff's motion, due notice having been given and the Court being duly advised in the premises, the Court hereby makes the following findings of fact:

(a)     The settlement proposed in the Settlement Agreement has been negotiated at arms length and is determined to be fair, reasonable, adequate, and in the best interests of the Settlement Class (as defined below).

(b)     The Class Notice (attached as Exhibits A and B to Exhibit 1 to the Plaintiff's Memorandum in Support of Motion for Final Approval of Class Action Settlement) fully complies with Rule 23 of the Federal Rules of Civil Procedure and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

(c)     The Class Action Fairness Act notices, ("CAFA Notices") provided by the Defendant fully comply with 28 U.S.C. § 1715. The CAFA Notices were timely delivered; the settlement agreement was filed in Court on June 9, 2010 and the appropriate federal and state officials were served with the CAFA Notices on June 18, 2010.

Based upon the findings of fact and the Court's review of the Motion for Final Approval and all of its attachments,

**IT IS HEREBY ORDERED THAT:**

1.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 1332 and has personal jurisdiction pursuant to 28 U.S.C. § 1407 over the Plaintiff, Defendant, and the members of the Settlement Class.

2.      This Court finds that the Settlement Agreement has been entered into in good faith following arms-length negotiations and is non-collusive.

3.      This Court grants final approval of the Settlement Agreement, including but not limited to the releases therein, and finds that it is in all respects fair, reasonable, and in the best interests of the Settlement Class.  Any objections which were filed, timely or otherwise, have been considered and are overruled.  Therefore, all members of the Settlement Class who have not opted out are bound by this Final Judgment and Order.

### Class Certification

4.      The provisionally certified class (the "Settlement Class") is finally certified pursuant to Rule 23(b)(3):

> *All persons, from June 15, 2001 through the date of Preliminary Approval of the Settlement, who are or were insured by a "ZH" supplemental cancer insurance policy form purchased from Capitol American Life Insurance Company or Conseco Health Insurance Company.*

For purposes of the payment of claims, the Settlement Class is divided into the following two sub-classes:

<u>Sub-Class One - Past Claimants:</u>   All persons, from June 15, 2001 through the date of Preliminary Approval of the Settlement, who are or were insured by a "ZH" supplemental cancer insurance policy form purchased from Capitol American Life Insurance Company or Conseco Health Insurance Company, and

(a) Who submitted claims and were paid benefits for radiation treatment delivery charges under the ZH policy and also had a claim denied for the payment of benefits for one or more of the following charges as being not covered under the ZH policy: treatment planning charges; treatment management charges; simulation charges; dosimetry charges; treatment device charges; medical radiation physics charges; isodose plan charges; and radiation special services charges; and/or

(b) Who submitted claims and were paid benefits for cancericidal drug charges under the ZH policy and also had a claim denied for the payment of benefits for one or more of the following charges that were incurred on the same date and charged by the same provider as the cancericidal drug as being not covered under the ZH policy: office visit/consultation charges; medical supply charges; solution charges; and supportive and protective drug charges.

Sub-Class Two - Potential Future Claimants: All persons who are not Past Claimants, and who are insured by an in-force "ZH" supplemental cancer insurance policy form purchased from Capitol American Life Insurance Company or Conseco Health Insurance Company on or after the date of Preliminary Approval.

Excluded from the Class and both subclasses are all persons insured by ZH policies that lapsed or were terminated on or before the date of Preliminary Approval, and who are not Past Claimants as defined above.

5. Plaintiff Diana Doiron and Clarence Galentine, Jr., are designated as the Class Representatives of the Settlement Class.

CH1 5535358v.1

6. The following counsel are appointed as Settlement Class Counsel:

> Stan P. Baudin
> Pendley, Baudin & Coffin, LLP
> 24110 Eden Street
> Plaquemine, Louisiana 70764
>
> Scott E. Brady
> Philip Bohrer
> Bohrer Law Firm, L.L.C.
> 8712 Jefferson Hwy, Ste. B
> Baton Rouge, LA 70809

7. At the Court's request, Paragraph 6 of the Settlement Agreement is amended to read as follows:

> Settlement Payment Checks must be cashed within six months after they are mailed to Claimants. If Settlement Payment Checks are not cashed with six months, the funds will be deposited into a *cy pres* account. All funds in the *cy pres* account shall be provided to a charity to be designated jointly by the Court and Settlement Class Counsel.

In all other respects, the June 8, 2010 Settlement Agreement remains unchanged.

8. The certification of the Settlement Class is non-precedential and without prejudice to Defendant's rights under the Settlement Agreement if the Settlement Agreement and this Final Judgment and Order do not become effective as provided in the Settlement Agreement.

### Class Notice

9. On August 6, 2010, Class Notice was given by first-class mail to all Settlement Class Members in accordance with the Settlement Agreement and the Preliminary Approval Order.

10. The form of Class Notice that Conseco provided is attached as Exhibits A and B to Exhibit 1 to the Plaintiff's Memorandum in Support of Motion for Final Approval of Class Action Settlement. Conseco sent the Class Notice by first-class mail to the respective Settlement Class Members on August 6, 2010. Conseco also included a Claim Form in the mailing to all Past Claimants, which is attached as Exhibits A to Exhibit 1 to the Plaintiff's Memorandum in Support of Motion for Final Approval of Class Action Settlement. This Class Notice fully complies with the requirements of Rule 23 and due process, constitutes the best notice practicable under the circumstances, and is due and sufficient notice to all persons entitled to notice of the settlement of this lawsuit.

### CAFA Notice

11. In compliance with the notice provision of the Class Action Fairness Act, 28 U.S.C. § 1715, the Defendant served timely notice of the settlement to the appropriate federal and state officials, and therefore the settlement is fully enforceable against all Settlement Class Members (except those who have opted out).

### Objections and Opt-Outs

12. There were no objections were filed by Class Members.

13. A total of 16 people have validly requested exclusion from the Settlement Class. A list of the individuals that have opted out of the Settlement is attached as Exhibit 1.

### Class Compensation

14. Defendant shall provide the compensation to Settlement Class Members set forth in the Settlement Agreement on the timetable provided in the Settlement Agreement.

CH1 5535358v.1

## Releases

15.     Plaintiff and each Settlement Class Member are determined to have given the releases described in the Settlement Agreement.

## Award of Attorneys' Fees, Costs, and Incentive Awards

16.     The Court grants Settlement Class Counsel's application for attorneys' fees and costs in the amount of $485,000, finding such fees and costs to be fair and reasonable. Conseco shall pay these attorneys' fees and costs to Class Counsel within 15 days following the Effective Date of the Settlement.

17.     The Court grants Settlement Class Counsel's application for incentive awards to Plaintiff and Class Representative Diana Doiron in the amount of $7,500, and to Class Representative Clarence Galentine, Jr. in the amount of $5,000, for their services as Class Representatives, in addition to any amounts they may claim as Class Members under the Settlement. Such payments shall be paid by check from Conseco to be delivered to Class Counsel within 21 days following the Effective Date of the Settlement.

## Other Provisions

18.     This lawsuit is dismissed with prejudice as to Plaintiff and Class Representative Diana Doiron, Class Representative Clarence Galentine, and all Settlement Class Members (except that the dismissal is without prejudice as to Settlement Class Members who have obtained proper and timely exclusion from the Settlement Class), without fees or costs except as provided above.

19.     This Court retains continuing jurisdiction over this action, Plaintiff, Defendant, and all Settlement Class Members to determine all matters relating in any way to this Final Judgment

and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their administration, implementation, interpretation, or enforcement.

20.     The Parties to the Settlement Agreement shall carry out their respective obligations thereunder.

21.     In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Defendant withdraws from the Settlement Agreement; (iii) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order do not for any reason become effective; or (iv) the Settlement Agreement, Preliminary Approval Order, and Final Judgment and Order are reversed, vacated, or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation the certification of the Settlement Class and all other relevant portions of this Order, (b) the instant action shall proceed as though the Settlement Class had never been certified, and (c) no reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if the parties to the Settlement Agreement agree to jointly appeal a ruling disapproving the Settlement Agreement and the Settlement Agreement is upheld on appeal, then the Settlement Agreement and Final Judgment and Order shall be given full force and effect according to their terms.  In the event the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Judgment and Order shall be void and shall be deemed vacated.  The Defendant retains the right to oppose class certification if the settlement is vacated, and the doctrine of res judicata and/or collateral estoppel shall not be applied.

22.     Neither the Settlement Agreement, this Final Judgment and Order, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence of an admission or concession of any kind by any person, including Defendant, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceeding except in an action brought to enforce its terms or except as may be required by law or court order.

**SIGNED** in Baton Rouge, Louisiana, on the 9th day of November, 2010.

_____
JAMES J. BRADY, JUDGE
MIDDLE DISTRICT OF LOUISIANA

CH1 5535358v.1